**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
MICHAEL T RICCIARDI,

                Plaintiff,　　　　**MEMORANDUM OF**
　　　　　　　　　　　　　　　　　　　　**DECISION & ORDER**
       -against-　　　　　　15-cv-2715 (ADS)(AYS)

CAROLYN COLVIN, *Commissioner of Social Security*,

                Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Seelig Law Office, LLC**
*Attorneys for the Plaintiff*
299 Broadway
Suite 1600
New York, NY 10007
      By:　Philip Howard Seelig, Esq., Of Counsel

**United States Attorney's Office for the Eastern District of New York**
*Attorneys for the Defendant*
271 Cadman Plaza East
Brooklyn, NY 11201
      By:　Joseph Anthony Marutollo, Assistant United States Attorney

**SPATT, District Judge**:

On May 12, 2015, the Plaintiff Michael T. Ricciardi (the "Plaintiff") commenced this civil action pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), challenging a final determination by the Defendant Carolyn W. Colvin (the "Defendant" or the "Commissioner"), who was the acting commissioner at the time of filing, that he is ineligible to receive Social Security disability insurance benefits.

On October 6, 2016 the Court referred the parties' cross motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(c) to

Magistrate Judge Anne Y. Shields for a Report and Recommendation ("R&R").  On February 28, 2017, Judge Shields issued an R&R, recommending that the Court grant the Defendant's motion for judgment on the pleadings dismissing the Plaintiff's complaint, and deny the Plaintiff's motion for judgment in her favor.

Presently before the Court are the Plaintiff's objections to the R&R.  The Court reviews the R&R for clear error because the Plaintiff merely repeats his initial arguments.  Finding none, the Court adopts the R&R in its entirety.

## I. BACKGROUND

### A. The R&R

The R&R found that the Plaintiff's vertigo did not qualify as a severe impairment; that the ALJ did not err in affording little weight to the opinions of the Plaintiff's treating physician; and that the ALJ properly considered the Plaintiff's subjective complaints.

### B. The Plaintiff's Objections

The Plaintiff's objections to the R&R are the same grounds on which he appealed the ALJ's decision.  Namely, he contends that the R&R disregarded the applicable legal standard for determining whether the Plaintiff's vertigo was a severe impairment; that the R&R's application of the treating physician's rule was flawed; and that the R&R did not properly consider the ALJ's credibility assessments of the Plaintiff's complaints of pain and statements of physical limitations.

## II. DISCUSSION

### A. District Court Review of a Magistrate Judge's R&R

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Parties may raise objections to the magistrate judge's report

and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). A district court must conduct a *de novo* review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon,* 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith,* 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.,* No. 07–CV–6865, 2008 WL 4810043, at *1 (S.D.N.Y. Oct. 31, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14CV3776SLTJO, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (quoting *Ortiz v. Barkley,* 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008))). "The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." *McCarthy v. Manson,* 554 F. Supp. 1275, 1286 (D. Conn. 1982), *aff'd*, 714 F.2d 234 (2d Cir. 1983) (quoting *Nettles v. Wainwright,* 677 F.2d 404, 410 (Former 5th Cir. 1982) (en banc)) (footnote omitted). "There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the

Magistrate Judge." *Toth*, 2017 WL 78483, at *7 (quoting *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan,* 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

**B. Application to the Facts**

As stated above, the Plaintiff's objections are identical to those in his initial motion for judgment on the pleadings pursuant to Rule 12(c). The Plaintiff merely seeks to "rehash[] [] the same arguments set forth in the original petition." *Toth*, 2017 WL 78483, at *7 (quoting *Ortiz*, 558 F. Supp. 2d at 451.

The Plaintiff's objections to the R&R's analysis are thinly veiled reiterations of his grounds for appeal. Indeed, the Plaintiff copied and pasted many of his arguments, and most of the substance of those arguments. (*Compare* Pl.'s Mem. of Law in Support at 17 ("The ALJ's analysis failed to consider that Dr. Shohet was having difficulty diagnosing the root cause of the vertigo . . . . The ALJ failed to even mention this diagnosis in his opinion, and failed to include the limitations that the cervical vertigo would cause the claimant in his ability to work."); id. at 22–23 ("The ALJ failed to rebut the treating physician[']s rule because: (1) [h]e relied on doctors who were not examining the Plaintiff for orthopedic issues; (2) [h]e relied on a consultative examiner who was not a specialist in the field of the alleged disability, and who examined the Plaintiff years prior to the most recent hearing, without a review of the claimant's entire medical record; and (3) [h]e cherry-picked portions of the record that supported his conclusion, and ignored much of the evidence that supported the opinion of Dr. Goldstein."); *id.* at 24 ("Contrary to the ALJ's opinion, the Plaintiff's statements about his subjective complaints are not inconsistent."); *with* Pl.'s Objections to the R&R at 3–4 ("Both the Magistrate Judge and the ALJ's analysis failed to consider that Dr. Shohet was having difficulty diagnosing the root cause of the vertigo . . . . Both the Magistrate Judge and ALJ failed to even mention this diagnosis in his opinion, and failed to include

4

the limitations that the cervical vertigo would cause the Plaintiff in his ability to work."); *id.* at 9 ("There was no explanation as to how it was appropriate to: (1) rely on doctors who were not examining the Plaintiff for his orthopedic issues; (2) rely on a consultative examiner who was not a specialist in the field of the alleged disability, and who examined the Plaintiff years prior to the most recent hearing, without a review of the Plaintiffs entire medical record; and (3) cherry-pick portions of the record that supported his conclusion, and ignored much of the evidence that supported the opinion of Dr. Goldstein."); id. at 11 ("Contrary to the ALJ's opinion, the Plaintiffs statements about his subjective complaints are not inconsistent.")).

The Plaintiff's objections to the R&R's analysis of the treating physician rule and the Plaintiff's credibility do not even feign to take issue with the analyses, the objections outright state that the Plaintiff merely disagrees with the results of those analyses. (*See, e.g.,* Pl.'s Objections to the R&R at 5 ("The R&R concluded that ALJ Weiss appropriately considered the entirety of the medical record and that Dr. Goldstein's assessments were not credible because there were not consistent with the medical records. This conclusion is flawed because the ALJ's analysis of the Medical Records ignored the overwhelming majority of the medical evidence.")).

The R&R utilized the correct legal standards for determining whether the Plaintiff's vertigo is a severe impairment; whether the ALJ was justified in affording less weight to the Plaintiff's treating physician; and whether the ALJ correctly assessed the Plaintiff's credibility.

Accordingly, the Court finds that the Plaintiff's objections are improper and reviews the R&R for clear error.

### III. CONCLUSION

The Court will not relitigate the exact same issues decided by the Magistrate Judge in the R&R. The Plaintiff does not point to any legal error; he merely disagrees with the conclusions of

5

the R&R and reargues his initial points in support of his objections. Therefore, the Court reviews the R&R for clear error. *See IndyMac Bank*, 2008 WL 4810043, at *1 ("To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error.") Finding no clear error, the Court adopts the R&R in its entirety. The Clerk of the Court is respectfully directed to close the case.

It is **SO ORDERED**:

Dated: Central Islip, New York

September 12, 2017

            */s/ Arthur D. Spatt*

            ARTHUR D. SPATT

            United States District Judge